**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RYAN ANTHONY ANDERSON,                    )<br>                              Petitioner,    )<br>v.                                                          )           Case No. CIV-05-1144-L<br>                                                            )<br>EDWARD L. EVANS,                                 )<br>                              Respondent.  ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] and Brief in Support [Doc. #2]. Petitioner's claims arise from a prison disciplinary proceeding. Respondent has filed a Response [Doc.#11], and Petitioner has filed a Reply [Doc. #15]. Petitioner has also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Petitioner's Motion) [Doc. #9].[1] It is recommended that the Petition be denied. It is further recommended that Petitioner's Motion be denied as moot.[2]

**Background**

On February 17, 2005, Petitioner was found guilty of "Interfering with the Orderly" in a prison disciplinary proceeding. As a result, Petitioner lost 120 earned credits and his

---

[1] Petitioner filed similar motions in two other cases, CIV-05-1145-L and CIV-05-1146-L, in which Petitioner challenges other disciplinary proceedings. The former case is pending before the district court on a recommendation from Magistrate Judge Robert E. Bacharach to deny habeas relief and dismiss Petitioner's motion as moot. In the latter case, the district court adopted the recommendation of Magistrate Judge Doyle W. Argo and entered judgment denying both Petitioner's petition and motion as moot.

[2] On December 21, 2005, Petitioner was ordered to show cause why his action should not be dismissed as moot. *See* Doc. #16. Petitioner has not responded to the Order or sought an extension of time to do so.

work assignment. He was also denied parole consideration. Petition at 7. *See also* Petitioner's Brief in Support Ex. 3. On March 14, 2005, Petitioner filed an administrative appeal, and on June 8, 2005, a prison administrator, Mike Cody, reviewed the disciplinary action and ordered a rehearing based on the insufficiency of the written statement of the evidence. Petitioner's Brief in Support Ex. 6. The imposed sanctions, however, were not lifted pending the rehearing.

Policy OP-060125 of the Oklahoma Department of Corrections (ODOC) provides that rehearings "should be conducted within 90 calendar days from the date of the order, unless exceptional circumstances dictate otherwise." ODOC Policy OP-060125(V)(A)(5), Petitioner's Brief in Support Ex. 7(D). As of September 29, 2005, the date the Petition was filed, no rehearing had been conducted. In his Petition, Petitioner asserts that his earned credits should be restored, that his parole consideration date should be reinstated, and that his credit level should be retroactively raised to level four because the rehearing had not been held within the timeframe set forth in ODOC policy. Petition at 8.

On October 24, 2005, Petitioner filed a motion seeking a temporary restraining order or preliminary injunction to prevent prison officials from holding a disciplinary rehearing. According to Petitioner, prison officials scheduled the belated rehearing for October 20, 2005, in retaliation for Petitioner's having filed the instant action. Petitioner sought an order from this Court that would keep prison officials from conducting the rehearing, based on Petitioner's assertion that the rehearing would interfere with this habeas action. In the

Response, Respondent asserts that the rehearing was, in fact, held on October 20, 2005.[3] Petitioner was again found guilty, and the same penalties were imposed. Response Ex. 2. Because the disciplinary rehearing was held before Petitioner's Motion was filed, the Motion is now moot; this Court cannot stop a proceeding that has already occurred. Moreover, nothing in the record or in ODOC policy suggests that Petitioner would have been entitled to the injunctive relief he sought.

**Analysis**

Respondent states that "Petitioner is asserting that he has a right to due process which was not provided in a prison disciplinary hearing." Response at 2. Based on this characterization of Petitioner's claim, Respondent seeks dismissal of the Petition on the grounds that Petitioner has not exhausted his state court remedies by seeking judicial review under Okla. Stat. tit. 57, § 564.1. Petitioner is not, however, contesting the procedure of the first disciplinary hearing. After all, Petitioner's administrative appeal was successful in that Mr. Cody ordered prison officials to conduct a rehearing. Moreover, neither the process nor the outcome of the rehearing is before this Court. Rather, Petitioner claims his due process rights were violated when he was not afforded a rehearing within the ninety-day timeframe

---

[3] Petitioner apparently signed his Motion on October 19, 2005. It was not received by this Court, however, until October 24, 2005, four days after the rehearing had been conducted.

set forth in ODOC policy.[4] He also challenges the fact that the original sanctions he received were not lifted while the rehearing was pending.

Petitioner's first claim, based on prison officials' failure to follow administrative regulations set forth in ODOC policy, does not rise to the level of a constitutional violation. *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993)("a failure to adhere to administrative regulations does not equate to a constitutional violation."). Therefore, the fact that the rehearing was not held within the ninety-day period set forth in ODOC policy does not entitle Petitioner to habeas relief.

Petitioner's second claim for habeas relief is premised on the fact that prison officials did not lift the penalties imposed in the original disciplinary proceeding pending a rehearing. That claim is now moot. The same sanctions were imposed after Petitioner was found guilty at the rehearing. Therefore, even if the original sanctions had been lifted when the rehearing was ordered, Petitioner ultimately received the same penalties affecting the duration of his confinement.[5] Petitioner is not entitled to habeas relief on this claim.

---

[4]The Oklahoma statute which provides for judicial review of prison disciplinary proceedings limits state court review to due process issues arising in the context of disciplinary actions. The limited review does not encompass issues regarding the timeliness of a disciplinary rehearing. *See* Okla. Stat. tit. 57, § 564.1 (2005).

[5]As noted, Petitioner does not assert in this action claims challenging the process afforded at the rehearing. Before this Court could address the merits of any such claims, Petitioner would be required to exhaust all available administrative and state court remedies.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be denied. Petitioner's first claim does not rise to the level of a constitutional violation, and his second claim is moot. It is further recommended that Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. #9] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by April __10th__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __21st__ day of March, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE